# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| TOM JANUS and BEATA WALERYCH JANUS on behalf of M.J., | * * * | No. 19-380V |
| Petitioners, | * * | Special Master Christian J. Moran |
| v. | * * | Filed: May 17, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Entitlement; dismissal. |
| Respondent. | * | |

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioners;
Kimberly S. Davey, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Tom and Beata Walerych Janus alleged that the influenza ("flu") vaccine their child, M.J., received on October 24, 2017, caused her to suffer from or significantly aggravated her autoimmune hepatitis. Pet., filed Mar. 12, 2019, at Preamble; ¶¶ 2, 4, 5. On April 28, 2021, Mr. and Mrs. Janus moved for a decision dismissing their petition.

### I. Procedural History

Tom and Beata Walerych Janus ("petitioners") filed a petition on behalf of their child, M.J., on March 12, 2019. Petitioners filed medical records periodically

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

throughout 2019 and the Secretary filed his Rule 4(c) report on April 24, 2020, contesting entitlement. A status conference was then held on May 5, 2020 to discuss respondent's concerns.

After several motions for enlargement of time were granted, the undersigned deferred ruling on petitioners' March 5, 2021 motion for enlargement of time to file their expert report. During a status conference on March 22, 2021, the undersigned inquired into the status of petitioners' expert report, and petitioners' counsel requested the opportunity to consult with his clients regarding the delays. In a subsequent status report, filed on April 5, 2021, petitioners announced their intent to file a motion for a dismissal decision.

On April 28, 2021, petitioners moved for a decision dismissing their petition, stating that petitioners intend to protect their rights to file a civil action in the future. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioners filed medical records, but nonetheless, wish to have their claim dismissed and judgment entered against them. Though petitioners filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioners' clear intent that a judgment issue in this case, protecting their right to file a civil action in the future. See Pet'rs' Mot., filed April 28, 2021.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although petitioners were given an opportunity to obtain a report from retained expert, they did not. Petitioners also did not identify

2

any evidence from a treating doctor who indicated that the vaccine harmed M.J. Accordingly, the evidence does not preponderate in favor of finding that the vaccine caused M.J. to suffer autoimmune hepatitis.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master