# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TOM JANUS and BEATA WALERYCH JANUS on behalf of M.J., Petitioners, | No. 19-380V<br>Special Master Christian J. Moran |
| v. | Filed: June 30, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Attorneys' Fees and Costs |

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioners;
Kimberly S. Davey, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners' motion for final attorneys' fees and costs. They are awarded **$31,002.80**.

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\* \* \*

On March 12, 2019, petitioners filed for compensation on behalf of their minor child, M.J., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the influenza vaccine M.J. received on October 24, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer from or significantly aggravated her autoimmune hepatitis. Petitioners filed medical records periodically throughout 2019 and respondent filed his report contesting entitlement on April 24, 2020. Thereafter, petitioners tried to obtain a medical expert to file a report but were unable to do so. On April 28, 2021, petitioners filed a motion for a decision dismissing their petition. On May 17, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 2935749.

On July 16, 2021, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $30,333.69 and attorneys' costs of $3,169.11 for a total request of $33,502.80. Fees App. at 7. Pursuant to General Order No. 9, petitioners have indicated that they have not personally incurred any costs related to the prosecution of their petition. On August 9, 2021, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners filed a reply on August 9, 2021, reiterating their belief that the requested fees and costs are reasonable.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioners' claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter.  In finding that reasonable basis supports the claim set forth in the petition, respondent's statement that the statutory elements "are met" greatly contributes to this outcome.  Respondent also has not challenged the reasonable basis of the claim. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties

2

present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel, Mr. Mark Sadaka: $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, and $444.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioners' counsel for his Vaccine Program work. See, e.g. Rose v. Sec'y of Health & Human Servs., No. 17-1770V, 2021 WL 3053035 (Fed. Cl. Spec. Mstr. Jun. 28, 2021). Accordingly, the requested hourly rates are reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioners are awarded final attorneys' fees in the amount of $30,333.69.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $3,169.11 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and a retainer paid to a potential medical expert, Dr. M. Eric Gershwin, who reviewed medical records and communicated with counsel.

Neither a retainer nor a single-line invoice evidences the work Dr. Gershwin performed. See Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X. Chapter 3. ¶ A ("With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records."); see also Dahl v. Sec'y of Health & Hum. Servs., No. 13-98V, 2018 WL 6818741, at *8 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Experts are expected to list the amount of time they spent on particular activities. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013); Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683 (2009).

Without some information from Dr. Gershwin, the undersigned cannot evaluate whether his proposed hourly rate is reasonable and cannot determine

4

whether the number of hours he spent is reasonable.[2]  Accordingly, due to the deficiency in the submission regarding Dr. Gershwin's work, this requested item cannot be allowed.

The remaining expenses are reasonable and shall be fully reimbursed.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$31,002.80** (representing $30,333.69 in attorneys' fees and $669.11 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Petitioners and any expert witness whom they retained were alerted about the need for an "informative and detailed invoice." Instructions for Expert Witnesses, issued May 20, 2020, at 6.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.